[NO. 2841. Decided March 7, 1898.]

R. I. MORSE *et al., Appellants,* v. A. B. ESTABROOK, *as Sheriff of Whatcom County, Respondent.*

HUSBAND AND WIFE — RELATIVE RIGHTS OF COMMUNITY AND INDIVID-
UAL CREDITORS.

Community personalty is subject to execution upon a judg-
ment for the separate debt of one of the spouses, even as against
community creditors, when the latter have not obtained a prior
specific lien on the property. (GORDON, J., dissents.)

Appeal from Superior Court, Whatcom County.—Hon.
J. P. HOUSER, Judge. Affirmed.

*Dorr & Hadley,* and *Black & Leaming,* for appellants.
*Nicholson & Hurlbut,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiffs brought this action to re-
strain the sheriff from selling community personal property
under an execution issued upon a judgment against the hus-
band for a suretyship debt to which the wife was not a
party. The Seattle Hardware Company intervened also to
restrain the sale, alleging that they were creditors of the
community and that their claims arose upon a sale to the
plaintiffs of some of the property levied upon, etc. Judg-
ment was rendered for the defendant, and plaintiffs and in-
tervenor have appealed. In *Powell v. Pugh,* 13 Wash. 577
(43 Pac. 879), it was held that community personal proper-
ty could be sold on execution to satisfy a judgment against
the husband for a separate debt, citing a prior decision of
the territorial supreme court. It was urged in that case
that the sale ought not to be permitted on the ground that
it appeared there was not enough of the community per-
sonalty to satisfy the community debts, but it was said that

as none of the community creditors were questioning the transaction the court would not express an opinion as to what rights, if any, they could maintain in the premises. That question is now presented by community creditors. The plaintiffs were engaged in the hardware business and had incurred debts to various persons, including intervenors, for the purchase price of merchandise, but in the absence of any specific lien upon such property for such debts they are not entitled to priority over a creditor of the husband who has obtained a prior levy. This has been the settled practice under the territory and state, and, if it is a hardship, it is a matter for legislative remedy. But it may be well to observe that for a long time, during which several sessions of the legislature have been held, this field has been substantially left alone, and as a result the community property law is fairly well settled and understood. It ought not to be disturbed by bringing about such complications as would arise in sustaining the respective claims of the appellants. As it is, business relations are rendered clear and a man's financial responsibility much more easily ascertainable than it would be under the other condition of affairs. Commercial and purely private interests are to that extent simplified and promoted. There are no classes of unsecured debts of the husband, or the husband and wife, with reference to the personal property, and community real estate can only be reached for community debts. The creditors, whatever the character of their claims, are not interested in the community, and as far as the husband and wife are concerned they are protected in the sale of personalty to the extent of the exemptions allowed. There is no ground for disturbing the judgment.

Affirmed.

REAVIS, ANDERS and DUNBAR, JJ., concur.

GORDON, J., dissents.