[No. 3779.   Decided March 6, 1901.]

A. M. CANNON et al., Plaintiffs, v. BEN E. SNIPES et al., Defendants, FRANK N. McCANDLESS, Appellant, HENRY REHMKE, Respondent.

RECEIVERS — PLURALITY OF FUNDS — PAYMENT OF CLAIMS — PLEADING — SUFFICIENCY OF PETITION.

Where a receiver appointed to take charge of the partnership, community, and individual estate of an insolvent, and authorized to first pay all the firm and community liabilities out of the partnership and community property before applying any balance thereof to the satisfaction of the insolvent's individual debts, is sought to be restrained by a firm creditor from paying a creditor of the separate estate out of the funds arising from the community estate, a cross petition of the individual creditor fails to state facts sufficient when it alleges that $30,000 had been realized from the insolvent's separate estate and applied in discharging liens against the community realty and in paying the expenses

of the receivership, nearly all of which expenses had been connected with the administration of the partnership estate, when there is no allegation that the money was not properly so applied under the decree, nor any allegation of unauthorized diversion of funds from one class of claims to the other, nor any allegation that there is any money in the receiver's hands, derived from the individual estate, sufficient to pay any part of the cross petitioner's claim.

SAME — ALL FUNDS AVAILABLE FOR RECEIVERSHIP EXPENSES.

Where but one receivership has been created to take charge of the firm, community, and individual estate of an insolvent, funds derived from any of such estates are available for payment of the expenses of the receivership, although the decree provided for payment of each class of creditors primarily from the corresponding class of funds.

SAME — RENTS FROM COMMUNITY REALTY — LIABILITY FOR DEBTS OF ONE SPOUSE.

Where a decree of the court appointing a receiver directs him to take charge of the community estate of an insolvent and apply the proceeds thereof to the satisfaction of community debts, such a specific lien is created against the property as to render the rents collected therefrom by the receiver community funds.

SAME — SUPERSEDING PRIOR ORDERS BY FINAL DECREE.

Where the court in an insolvency proceeding has rendered a final decree fixing the claims of all the various classes of creditors, marshalling and listing all the assets in the receiver's hands, and directing a sale thereof and the payment of the various claims according to their character out of the various kinds of property, consisting of partnership, community, and individual assets of the insolvent, such final decree supersedes a prior one in the cause, wherein the receiver was ordered to pay petitioner's claim "out of any money available in his hands so to do."

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge. Affirmed.

*Kauffman & Frost,* for appellant.

The opinion of the court was delivered by

MOUNT, J.—Some time prior to December, 1893, Ben E. Snipes and others were engaged in the banking busi-

ness in this state.   On that date, at the suit of plaintiffs, the said Ben E. Snipes and others were adjudged insolvent and a receiver appointed by the superior court of Kittitas county of the estate of Ben E. Snipes & Co., of the estate of Ben E. Snipes individually, and of the estate of Snipes and wife.   This receivership is still in existence.   In January, 1897, a final decree was entered in the said cause, by which the court fixed the claims of all the various classes of creditors, marshalled and listed all the assets then in the receiver's hands, and directed a sale thereof and the payment of the various claims according to their character out of the proceeds of the various kinds of property, which consisted of partnership assets of Ben E. Snipes & Co., community property of Snipes and wife, and individual assets of Snipes. This decree is final in the cause, not having been vacated, modified, or appealed from, and this appeal in no way questions the validity or binding force of that decree. The contest here is between the creditors of the firm of Ben E. Snipes & Co. and a creditor of Ben E. Snipes individually, over a fund in the hands of said receiver. The respondent is a firm creditor.   The appellant is the owner, by assignment, of a judgment against Snipes antedating the receivership, obtained by one MacDougall upon a surety obligation of Snipes.   The appellant is a separate creditor of Snipes as distinguished from the community creditors of Snipes and wife, and an individual creditor of Snipes as distinguished from his partnership creditors.   After the entry of the decree aforesaid, the respondent Rehmke, a firm creditor, presented his petition to the court, setting up the fact that the receiver had in his hands a fund derived from the sale of real property belonging to the community of Snipes and wife; that appellant had demanded the payment of his

MacDougall claim out of this fund, and that the receiver was about to pay the same out of the fund, which was not subjected by said decree to the payment of this class of creditors; and praying that the receiver be restrained from paying the same out of said fund. Appellant thereafter, by permission of the court, filed his answer to this petition, in which he admitted the allegations mentioned and alleged the following facts by way of counter petition: That $30,000 has come into the hands of the said receiver from the personal property of Ben E. Snipes; that there have been allowed claims as liens primarily upon community realty of Snipes and wife, and secondarily upon personal property of Snipes, amounting to $14,596, which have been paid in full, in the payment of which the receiver used more than $8,000 derived from personal property of Snipes; that the said claim of MacDougall, amounting to about $4,200, was declared to be a lien upon the personal property of Snipes only. This, together with claims aggregating $350 more, constitutes all claims against the estate of Snipes which were charges upon his separate property or that of Snipes and wife; that there are sufficient funds in the hands of the receiver to pay this MacDougall and all other claims allowed against the individual estate of Snipes; that $22,000 derived from the personal property of Snipes has been used to pay the expenses of the receivership herein, "nearly all of which has been used for expenses of the estate of Ben E. Snipes & Co. in and about said receivership." For a further answer and counterclaim, that since final decree more than $6,000, now in the hands of the receiver, has been realized by the receiver from rents of the community real property of Snipes and wife; and, for a further answer and counterclaim, that in November, 1894, an order was made

by the said court that the receiver pay said claim "out
of any money available in his hands so to do"; that this
order stood at the time of the rendition of said decree,
and still stands, unmodified, in full force and effect.
The respondent thereafter demurred to each of said ans-
wers, because the same does not state facts sufficient to
constitute an answer or counter petition. These demur-
rers were subsequently sustained, and, appellant elect-
ing to stand upon his answer, the court made the order
restraining the receiver from paying the MacDougall
claim out of any of the proceeds of the community prop-
erty of Snipes and wife. From this order appeal is taken.

It was not error of the lower court to sustain the de-
murrers. The first counter petition, it is true, shows
$30,000 collected from the personal property of Ben E.
Snipes, and $20,000 from the community real estate of
Snipes and wife. It also alleges $14,596 in claims, pri-
marily against the community property of Snipes and
wife, and secondarily against the property of Snipes indi-
vidually, and also other claims, and that these are all the
claims against the estate of Snipes personally and the com-
munity of Snipes and wife. But it does not state that
there is money in the hands of the receiver, derived from
this particular fund, sufficient to pay these claims, or any
part thereof. There is also no allegation of unauthorized
diversion of the funds from one class of claims to the
other. It is alleged that more than $8,000 of the fund
derived from the personal property of Snipes has been
used to discharge liens against the community realty, and
$22,000 has been used in paying the expenses of the re-
ceivership herein, and "nearly all" of this latter amount
has been used for expenses attending the administration
of the estate of Ben E. Snipes & Co. But it is not alleged,
nor is there anything to show, that this money was not

properly used for this purpose and as directed by the decree. There was but one receivership in that case. It is true the funds were not common for the use of each creditor or each class of creditors, but any and all of it was available to be used to pay the expenses of the receivership. This was a proper provision in the decree. It is not alleged that the receiver has not applied these funds as directed by the decree. As we read the decree, it was intended by the court that all firm liabilities of Snipes & Co. and all community liabilities of Snipes and wife should first be paid out of the proceeds of the community realty and firm property, and that the balance be applied in satisfaction of the separate debts of Snipes. It stands admitted here that the receiver is about to pay these claims out of the proceeds of the sale of the community property, and that prior claims against this fund remain unpaid, and that the total assets will not be sufficient to liquidate the same.

It is also argued that the rents derived from the community property under the receivership should be applied to the payment of this claim. Under the decision of this court in *Morse v. Estabrook,* 19 Wash. 92 (52 Pac. 531, 67 Am. St. Rep. 723), execution might issue against the rents of the community real property where a specific lien had not attached. But this fund in the hands of the receiver, who held the property for sale under a decree of the court, could no more be diverted from the channel in which the decree directed it to go than the property itself. It is the proceeds of the community property, over which the husband has no control, and is not available as separate property of Ben E. Snipes. The specific lien upon the realty created by the decree attached to the proceeds as well as to the realty.

There is no merit in the other answer, because this or-

der was superseded by the decree; and, even if it were not, it only directs payment out of the funds available for that purpose, and, unless the answer shows funds available, no cause is stated.

The judgment of the lower court is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, and DUNBAR, JJ., concur.