[No. 4710. Decided July 14, 1903.]

A. M. CANNON et al., *Plaintiffs*, v. BEN E. SNIPES et al., *Defendants*, FRANK McCANDLESS, *Appellant*, P. J. GRAY, *Receiver, Respondent*.

RECEIVERS — PLURALITY OF FUNDS — PAYMENT OF CLAIMS.

A receiver appointed to take charge of the separate, community and partnership estates of an insolvent debtor, under a decree providing for the payment of each class of creditors primarily from the corresponding class of funds, cannot be compelled to pay a separate debt of the insolvent out of funds derived solely from the community estate of himself and wife, when it appears that the claims against that estate have not been satisfied.

SAME — FUNDS AVAILABLE FOR RECEIVERSHIP EXPENSES.

Where but one receivership has been created to take charge of the partnership, community and individual estate of an insolvent debtor, funds derived from any of such estates are properly applicable toward payment of the expenses of the receivership.

Appeal from Superior Court, Kittitas County.—Hon. FRANK H. RUDKIN, Judge. Affirmed.

*Kauffman & Frost,* for appellant.

*Eugene E. Wager,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant petitioned the superior court of Kittitas county for an order directing the receiver of the estate of Ben E. Snipes to pay a certain judgment against said Snipes, which, by assignment, is held by appellant. The judgment is for the separate and individual obligation of Ben E. Snipes. The receivership includes all the estates of Ben E. Snipes individually, the partnership of Ben E. Snipes & Co., and the community estate of Ben E. Snipes and wife. The petition asks that the receiver shall be ordered to pay the judg-ment from funds now in his hands, from whatever source derived. The receiver, respondent herein, answered the petition alleging that all funds now in his hands have been derived solely from the sale of the community real prop-erty of Snipes and wife, and from the rents, issues, and profits thereof; that by a judgment of said court made and entered on the 14th day of June, 1900, it was de-creed that the claim of appellant mentioned in the peti-tion herein is not a lien upon, and cannot be paid out of, the proceeds of the sale of the community property of Snipes and wife, or from the rents, issues, and profits thereof, which judgment and decree was on appeal af-firmed by this court, as reported in *Cannon v. Snipes,* 24 Wash. 166 (64 Pac. 167). At the hearing of the petition herein the court found that all moneys now in the hands of the receiver were derived from the proceeds of the sale of the community property of Snipes and wife, and from the rents and profits thereof, and entered judg-

ment denying the petition. This appeal is from that judgment.

It is urged by appellant that his petition avers and that the facts show conditions now existing which were unknown to him at the time of the hearing in *Cannon v. Snipes, supra.* We have examined the record and the opinion in that case, and we are unable to see that any principle is involved here that was not determined by the former appeal. In the former opinion, at page 168, this court observed:

"In January, 1897, a final decree was entered in the said cause, by which the court fixed the claims of all the various classes of creditors, marshalled and listed all the assets then in the receiver's hands, and directed a sale thereof and the payment of the various claims, according to their character out of the proceeds of the various kinds of property, which consisted of partnership assets of Ben E. Snipes & Co., community property of Snipes and wife, and individual assets of Snipes. This decree is final in the cause, not having been vacated, modified, or appealed from, and ·this appeal in no way questions the validity or binding force of that decree."

Again, at page 171, it was further said:

"It is not alleged that the receiver has not applied these funds as directed by the decree. As we read the decree, it was intended by the court that all firm liabilities of Snipes & Co., and all community liabilities of Snipes and wife should first be paid out of the proceeds of the community realty and firm property, and that the balance be applied in satisfaction of the separate debts of Snipes. It stands admitted here that the receiver is about to pay these claims out of the proceeds of the sale of the community property, and that prior claims against this fund remain unpaid, and that the total assets will not be sufficient to liquidate the same."

It does not appear here that since said opinion was rendered the receiver has applied, or that he is about to apply, the funds in his hands in any other manner than as directed by said decree. That decree, as we have seen, was formerly held to be of a final and binding force. It classified the creditors, and directed their payment in such a manner that appellant's claim is not to be paid from community property until the partnership and community liabilities of Snipes are first paid. It is manifest from the petition before us that the two classes of claims last mentioned are not yet paid, and that sufficient funds do not exist to satisfy them. The receiver is therefore following the terms of the decree in refusing to pay appellant's claim from the community funds in his hands. It is insisted that there has been a misappropriation of funds in the payment of the expenses of the receivership, in that the several funds have been commingled, and the expenses paid from such common 'fund. The same question was raised in *Cannon v. Snipes,* and it was held that while the funds are not common for the use of each creditor, or each class of creditors, yet there is but one receivership, and that any or all of the funds are available to pay receivership expenses. The said decree so provided, and this court said "this was a proper provision in the decree."

These questions having been determined by the former appeal, we think the judgment of the court in this case was right, and it is therefore affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.